UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS C. NERISON, individually
and as Personal Representative of
the Estate of Wayne G. Magin,

      Plaintiff,

v.                                               Case No.:  2:26-cv-130-SPC-DNF

STACEY PECTOL, Clerk of 6th
District Court of Appeals, in her
official capacity as a judicial officer
and court administrator,

      Defendant.

---

### ORDER

This matter comes before the Court on sua sponte review of the file. Plaintiff Louis C. Nerrison, proceeding pro se, filed this action seeking declaratory and injunctive relief under 28 U.S.C. § 2201.  (Doc. 1).  The allegations in Plaintiff's complaint indicate the events giving rise to this action occurred in the Tampa Division of the Middle District of Florida.  So the Court issued an Order to Show Cause why this action should not be transferred there. (Doc. 3).

Plaintiff filed an "Emergency Response to the Order to Show Cause." (Doc. 4).  Plaintiff provides no facts connecting this action to the Fort Myers Division; he objects to intra-division transfer only because it will cause delay.

On the last page of his response, Plaintiff includes a page entitled "Emergency Motion for Temporary Restraining Order." (*Id.* at 5). Plaintiff then filed a separate motion for a Temporary Restraining Order ("TRO"), which uses the same language as the document in his response. (Doc. 5).

First, nothing in Plaintiff's Response constitutes an "emergency." If Plaintiff mislabels another filing as an emergency, he may be subject to sanctions. *See* M.D. Fla. R. 3.01(f) ("The unwarranted designation of a motion as an emergency can result in a sanction"). Second, Plaintiff improperly includes a motion within his response, so the Court does not consider that request. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *Ramirez v. General Motors, LLC*, No. 8:24-CV-2468-TPB-AEP, 2026 WL 201225, at *2 n.1 (M.D. Fla. Jan. 27, 2026) (noting "[i]t is not proper to combine a response in opposition with a motion seeking affirmative relief"). Third, Plaintiff's separately filed motion for a TRO fails to comply with the Local Rules; the motion does not contain specific facts demonstrating an entitlement to relief, a supporting legal memorandum with argument that Plaintiff is likely to succeed on the merits, or a proposed order. *See* M.D. Fla. R. 6.01(a)-(b). Therefore the Court denies it without prejudice.

Now, venue. A party "must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced." M.D. Fla. R. 1.04(b). Defendant Stacey Pectol, the Clerk of Court

for the Florida Sixth District Court of Appeal, is located in the Tampa Division. Additionally, the "underlying events" of this action occurred in the Tampa Division. (Doc. 4 at 1). Because the Tampa Division is most connected to, and convenient for, this action, the Court transfers it there. *See* M.D. Fla. R. 1.04(b) ("The judge must transfer the action to the division most consistent with the purpose of this rule"); 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall . . . transfer such case to any district or division in which it could have been brought.").

Accordingly, it is now **ORDERED:**

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. 5) is **DENIED without prejudice**.

2. The Clerk is **DIRECTED** to **TRANSFER** this case to the Tampa Division of the United States District Court for the Middle District of Florida and close the Fort Myers case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3